## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ROBERT BUMGARDNER, LESLIE BURETA, SHANNON BYERS, LARRY LEON HARRISON, ASHLEY BRYANT, SHANNON VOLKODAV, and DALLAS WILLIAMS, | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.** |
| | **Jury Trial Requested** |
| v. | |
| FORENSIC PATHOLOGY SERVICES, P.C., and CAROL A. TERRY, M.D., | |
| **Defendants.** | |

## <u>COMPLAINT</u>

**COMES NOW** Robert Bumgardner ("Bumgardner"), Leslie Bureta ("Bureta"), Shannon Byers ("Byers"), Larry Leon Harrison ("Harrison"), Ashley Bryant ("Bryant"), Shannon Volkodav ("Volkodav") and Dallas Williams ("Williams") (collectively referred to as "Plaintiffs") by and through their

1

undersigned attorney to hereby file this Complaint against Forensic Pathology Services, P.C. ("FPS," "Defendant Forensic," or "the Company") and Carol A. Terry, M.D. ("Defendant Terry") (collectively referred to as "Defendants") pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 et seq., ("FLSA") as follows.

## NATURE OF COMPLAINT

1.     Plaintiffs bring this action against Defendants pursuant to the FLSA to recover unpaid wages and overtime compensation, liquidated damages, reasonable attorney's fees, prejudgment interest, and their costs of this litigation.

## PARTIES

2.     Plaintiffs are individuals and residents of the state of Georgia.

3.     Plaintiffs each previously worked for the Company as a forensic death investigator during various periods of time.

4.     FPS is a domestic professional corporation registered with the Georgia Secretary of State.

5.     FPS serves as the Medical Examiner's Office for Gwinnett County, Georgia ("Gwinnett County" or "the County"), through a business contract with the County.

## SUBJECT MATTER JURISDICTION

6.   This Court has subject matter jurisdiction concerning Plaintiffs' civil action pursuant to 28 U.S.C. §1331, as the allegations in this civil action concern the laws of the United States of America.

## PERSONAL JURISDICTION

7.   FPS may be served with process concerning this civil action through its registered agent, listed with the Georgia Secretary of State Corporations Division as Carol A. Terry, 320 Hurricane Shoals Road NE, Suite A, Lawrenceville, Georgia 30046.

8.   FPS' principal office is located at 320 Hurricane Shoals Road NE, Suite A, Lawrenceville, Georgia 30046.

9.   During periods of time relevant to this Complaint, FPS is and has been an "employer" as defined in 29 U.S.C. § 203(d).

10.   During periods of time relevant to this Plaintiffs' Complaint, FPS is and has been "engaged in commerce" or "engaged in the production of goods for commerce" as defined by the FLSA.

11.   Bumgardner, Bureta, Byers, Harrison, Bryant, Volkodav and Williams each was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e), during periods of time relevant to this Complaint.

12.     During periods of time relevant to this Complaint, Defendant Terry is and has been an "employer" as defined by 29 U.S.C. § 203(d) because she is "any person acting directly or indirectly in the interest of an employer in relation to an employee."

13.     Defendant Terry may be served with process concerning this civil action by serving Defendant Terry or by leaving a copy of the summons and the complaint at Defendant Terry's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

## VENUE

14.     Venue is proper in this judicial district, the Atlanta Division of the Northern District of Georgia, pursuant to 28 U.S.C. §1391(b) and L.R. NDGa. 3.1(B)(3), because it is the judicial district in which any Defendant resides. Also, it is the judicial district where a substantial part of the events or omission giving rise to Plaintiffs' claims occurred.

## FACTUAL ALLEGATIONS

15.     During all periods of time relevant to this Complaint, Defendant Terry served as the Chief Executive Officer ("CEO") for Defendant Forensic.

4

16.    During all periods of time relevant to this Complaint, as CEO, Defendant Terry exercised control over significant aspects of FPS' day-to-day function, including but not limited to employee compensation and matters related thereto.

17.    During all periods of time relevant to this Complaint, Defendant Terry also served as the head medical examiner for Gwinnett County, through Defendant Forensics' business contract with the County.

18.    In her capacity as head medical examiner for Gwinnett County, Defendant Terry's job duties included but were not limited to:

    a.    Investigating the circumstances surrounding the deaths that fall under the Gwinnett County medical examiner's jurisdiction.

    b.    Performing autopsies.

    c.    Ordering lab tests and reviewing results.

    d.    Determining causes and manners of death.

    e.    Completing death certificates and compiling related findings in a report.

19.    In her capacity as head medical examiner for Gwinnett County, Defendant Terry hired various personnel, including (a) physicians, (b) forensic technicians, (c) forensic pathologists, and (d) administrative staff to assist her in performing these duties.

20.     Additionally, Defendant Terry hired forensic death investigators to assist her in performing some of her duties as head medical examiner.

21.     Upon information and belief, Defendant Terry utilized no job description for the forensic death investigator's position.

22.     Bumgardner was hired by Defendants and worked for Defendants as a forensic death investigator from January 2011 through June 2021.

23.     Bureta was hired by Defendants and worked for Defendants as a forensic death investigator from January 2020 through July 2020.

24.     Byers was hired by Defendants and worked for Defendants as a forensic death investigator from August 2017 through July 2019.

25.     Harrison was hired by Defendants and worked for Defendants as a forensic death investigator from July 2019 through July 2020.

26.     Bryant was hired by Defendants and worked for Defendants as a forensic death investigator from March 2021 through May 2021.

27.     Williams was hired by Defendants and worked for Defendants as a forensic death investigator from October 2020 through January 2021.

28.     Volkodav was hired by Defendants and worked for Defendants as a forensic death investigator from January 2021 through March 2021.

29.     Upon their hire and throughout their employment, each Plaintiff was paid a fixed yearly salary, received monthly.

30.    Plaintiffs, all of whom were forensic death investigators, meet none of the requirements under the FLSA and regulations thereto concerning exempt employees.

31    Specifically, the work performed by Plaintiffs as forensic death investigators does not meet each of the necessary requirements under the FLSA regulations 29 C.F.R. §541.100 through 29 C.F.R. §541.106 to qualify the forensic death investigator position as an FLSA-exempt executive employee.

32.    Specifically, the work performed by Plaintiffs as forensic death investigators does not meet each of the necessary requirements under the FLSA regulations 29 C.F.R. §541.200 through 29 C.F.R. §541.204 to qualify the forensic death investigator position as an FLSA-exempt administrative employee.

33.    Specifically, the work performed by Plaintiffs as forensic death investigators does not meet each of the necessary requirements under the FLSA regulations 29 C.F.R. §541.300 through 29 C.F.R. §541.304 to qualify the forensic death investigator position as an FLSA-exempt professional employee.

34.    Specifically, the work performed by Plaintiffs as forensic death investigators does not meet each of the necessary requirements under the FLSA regulations 29 C.F.R. §541.400 through 29 C.F.R. §541.402 to qualify the forensic death investigator position as an FLSA-exempt computer employee.

35.   Specifically, the work performed by Plaintiffs as forensic death investigators does not meet each of the necessary requirements under the FLSA regulations 29 C.F.R. §541.500 through 29 C.F.R. §541.504 to qualify the forensic death investigator position as an FLSA-exempt outside sales employee.

36.   Specifically, the work performed by Plaintiffs as forensic death investigators does not meet each of the necessary requirements under the FLSA regulations 29 C.F.R. §541.600 through 29 C.F.R. §541.607 to qualify the forensic death investigator position as an FLSA-exempt highly compensated employee.

37.   The work performed by Plaintiffs as forensic death investigators met no other exemption from minimum and overtime wages under the FLSA.

38.   As forensic death investigators and during all periods of time during Plaintiffs' employment, they were nonexempt FLSA employees.

39.   Plaintiffs worked a standard schedule of Monday through Friday from 8:00 a.m. to 4:00 p.m., when they would report to Defendant FPS' principal place of business to perform various duties to assist Defendant Terry, which included but were not limited to the following:

    a.   Reviewing, updating, and finalizing death investigation reports.

    b.   Assisting Defendant Terry with autopsies by taking pictures of the decedent, documenting the decedent's injuries, taking pictures of the

decedent's injuries, documenting the weight of the decedent's

organs, and packaging fluids drawn from the decedent.

c.    Collecting evidence from the death scene and packaging it and taking

it to headquarters at the Gwinnett evidence room.

d.    Taking samples to the Georgia Bureau of Investigation laboratory.


40.    Plaintiffs also worked nonstandard schedules after hours on certain days, Monday through Friday, between 4:00 p.m. and 8:00 a.m., when they were on call and waiting to be engaged by Defendant Terry.

41    Defendant Terry, through Chief Investigator Eddie Reeves and/or other personnel, would prepare a monthly on-call schedule, where each Plaintiff would be designated assigned days that they were required to be on call.

42.    The schedule would provide for Plaintiffs to be on call an average of two to three times during the week and two weekends a month.

43.    Plaintiffs' weekday on-call duties would start at 4:00 p.m. and last through 8:00 a.m. the following day.

44.    Plaintiffs' weekend on-call duties would start on Friday at 4:00 p.m. and last through 8:00 a.m. Monday.

45.    Plaintiffs each were paid a fixed salary for their work as forensic death investigators, and they received no additional wages or compensation whatsoever for working weekday and weekend on-call duty.

46.    Plaintiffs did not receive minimum wages for working weekday and weekend on-call duty.

47.    Plaintiffs did not receive overtime wages for working weekday and weekend on-call duty.

48.    While Plaintiffs were working weekday and weekend on-call duty, they were required to:

a.    keep  their cell phones turned on at all times so they would be ready to respond to a call to report to a death investigation scene, a hospital to take pictures of the decedent, the home of a traffic fatality victim, or a death scene at the jail;

b.    respond to a death investigation scene in uniform, which had on it the Gwinnett County medical examiner logo and, in some cases, the forensic death investigator's name;

c.    stay within a close proximity to Gwinnett County to be able to respond to a death investigaiton scene within 30 to 60 minutes;

d.    refrain from drinking alcohol;

e.     report to a death investigation scene in a vehicle stocked with equipment including body bags, gloves, masks, and bio-hazard bags.

49.   Because Plaintiffs were waiting to be engaged while on weekday and weekend duty, they would refrain from taking weekend trips outside the state, because this would prevent them from reporting to a death investigation scene within 30 to 60 minutes.

50.   Because Plaintiffs were waiting to be engaged while on weekday and weekend duty, they would refrain from engaging in certain recreational and family activities such as attending concerts or sporting events or participating in weddings, baptisms, and other ceremonies, due to the fact that Plaintiffs would have to immediately leave if they received a call.

51.   While on weekday and weekend on-call duty, Plaintiffs would regularly receive phone calls and texts from Defendant Forensic's answering service, from which they were provided with the Gwinnett County police officer's name and phone number to call concerning reporting to a death scene.

52.    Plaintiffs would call the police officer for information and details concerning reporting to death investigation scenes.

53.   Once a Plaintiff arrived at the scene, he or she would:

a.     take complete pictures of the scene;

b.      do a complete body examination of the decedent;

c.    assist in putting the decedent in a body bag;

d.    collect firearms, medications, or anything of evidentiary value, and take them back to the FPS office.

54.    Almost every time Plaintiffs were working weekday and weekend on-call duty, Plaintiffs would respond to calls that required them to report to a death investigation scene.

55.    During all periods of time they were working weekday and weekend on-call duty, Plaintiffs were FLSA nonexempt employees.

56.    During all periods of time they were working weekday and weekend on-call duty, Plaintiffs was severely restricted in the use of their personal time because they were actively engaged by Defendants.

57.    During all periods of time they were working weekday and weekend on-call duty, Plaintiffs could not use their time effectively for their own purposes.

58.    The work performed by Plaintiffs during their weekday and weekend on-call duty periods was outside Plaintiffs' regular 40-hour Monday-through-Friday 8:00 a.m. to 4:00 p.m. workweek.

59.    Plaintiffs received no overtime compensation for working weekday and weekend on-call duty, which comprised hours worked in excess of a 40-hour workweek.

## COUNT I

## Defendants' failure to pay Plaintiffs unpaid overtime compensation in violation of the FLSA

60.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint for this numbered paragraph.

61.    Throughout Plaintiffs' employment with the Company, Defendants, in violation of the FLSA, failed to pay Plaintiffs' overtime wages of one and a half times their regular hourly rate of pay (after conversion of their yearly salary to the hourly equivalent based on a normal 40-hour workweek) for times they worked more than 40 hours in a workweek performing work for the Company and working weekday and weekend on-call duty, in violation of the FLSA.

## COUNT II

## Liquidated damages

62.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 60 hereinabove for this paragraph.

63.    Defendants willfully violated the FLSA although they knew that their conduct was prohibited by the FLSA.

64.    Defendants willfully violated the FLSA through reckless disregard. Although they knew of applicable laws they failed to investigate whether they had an obligation to pay Plaintiffs for working on-call duty and overtime hours.

13

65.     Upon information and belief, Defendants were notified by their personnel of an obligation under the FLSA pertaining to forensic death investigators, which required that they receive additional compensation, but Defendants ignored and disregarded notification and advice they received and failed to make adequate further inquiry.

66.     Defendants' conduct constitutes a willful violation of the FLSA, entitling Plaintiffs, in accordance with 29 U.S.C.A. § 216(b), to liquidated damages in an additional amount equal to Plaintiffs' unpaid overtime compensation.

## COUNT III

### A three-year statute of limitations applies concerning Plaintiffs' recovery of unpaid overtime wages

67.     Plaintiffs reassert and reallege the allegations set forth in paragraphs 1 through 66 for this paragraph.

68     Defendants disregarded the very possibility that it was violating the FLSA; accordingly, a three-year statute of limitations applies concerning Plaintiffs' recovery of unpaid overtime wages.

69.     Defendants willfully violated the FLSA despite knowing that their conduct was prohibited by the FLSA; accordingly, a three-year statute of limitations applies concerning Plaintiffs' recovery of unpaid overtime wages.

70.     Defendants willfully violated the FLSA through reckless disregard although they knew of applicable laws but failed to investigate whether they had an obligation to pay Plaintiffs for working on-call duty and overtime hours; accordingly, a three-year statute of limitations applies concerning Plaintiffs' recovery of unpaid overtime wages.

71.     Upon information and belief, Defendants were notified by their personnel of an obligation under FLSA pertaining to forensic death investigators, which required they receive additional compensation, but Defendants ignored and disregarded notification and advice they received and failed to make adequate further inquiry; accordingly, a three-year statute of limitations applies concerning Plaintiffs' recovery of unpaid overtime wages.

## JURY TRIAL DEMAND

72.   Plaintiffs request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, based on the above stated claims that Defendants have violated Plaintiffs' rights afforded to them under FLSA, 29 U.S.C. §201 *et seq*., Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants and order the following relief as allowed by law:

15

A.   Compensation for unpaid overtime wages for working on-call duty.

B.   Liquidated damages.

C.   Prejudgment and post-judgment interest at the highest lawful rate.

D.   Attorneys' fees and costs of this action.

E.   Such further relief as the Court deems just and proper.

   Respectfully submitted this 2nd day of April 2022.

**HKM EMPLOYMENT ATTORNEYS LLP**

By *s/ Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3355 Lenox Road, Suite 705
Atlanta, Georgia 30326
(telephone and fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiffs**

16